IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30033 |
| | ) | |
| CORDELL JAMES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Cordell James' Motion in Limine to Exclude Evidence of Alleged Attempted Murder of Police Officers at the Time of Arrest Fed. R. Evid. 403 (d/e 25) (Motion in Limine).  For the reasons set forth below, the Motion is DENIED.

Cordell James has been indicted on a charge of one count of conspiracy to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Indictment (d/e 16).  The Government intends to present evidence of the following at trial as part of its case in chief against Defendant James: (1) On March 10, 2005, Defendant James met with a confidential informant and an undercover DEA agent to sell the

1

informant and the agent cocaine and crack cocaine; (2) Defendant James and Co-defendant Tyrone Rush got into the informant's vehicle for the purpose of completing the transaction; (3) Rush handed the informant the cocaine and crack cocaine; (4) a dispute arose over payment for the drugs; (5) Rush took the drugs back, and Rush and Defendant James got out of the informant's vehicle; (6) surveillance and backup officers converged on the site to arrest James and Rush; (7) James pulled a loaded firearm from his waist and aimed it at the officers; (8) the officers responded by aiming their weapons at James; (9) no shots were fired; (10) James tossed his weapon under a vehicle and fled; (11) the weapon was retrieved and seized; and (12) James was caught and arrested.  Government's Response to Defendant's Motion in Limine (d/e 27) at 2-3.  James states that the Government further plans to present evidence that the firearm retrieved from under the vehicle was found to be jammed.  Motion in Limine at 1.

James seeks to exclude evidence that he pointed the weapon at the officers and that the weapon was found to be jammed.  He argues that the evidence is unfairly prejudicial because it tends to prove that James committed the uncharged crime of attempted murder by attempting to fire the jammed gun at the officers.  James' Motion is denied.  The failed drug

2

transaction with the informant and DEA agent is evidence of the ongoing drug conspiracy charged in the Indictment. The Government's proposed evidence would show that Defendant James brought the weapon to the planned drug transaction. This evidence tends to show that James possessed the weapon in furtherance of the drug conspiracy. James' possession of the weapon is, thus, relevant and admissible to prove the conspiracy charge. See United States v. Thompson, 286 F.3d 950, 969 (7th Cir. 2002).

James then drew the weapon and pointed it at the arresting officers as he fled from the failed drug transaction. Again, the attempted drug transaction is evidence of the ongoing drug conspiracy charged in the Indictment. The Government's evidence that James used the weapon at that time is intricately related to the charged offense. Evidence that is intricately related to the charged offense is admissible even if the conduct constitutes uncharged criminal conduct. Thompson, 286 F.3d at 968-69; United States v. King, 126 F.3d 987, 995 (7th Cir. 1997). The evidence is admissible.

The cases cited by Defendant James involve the presentation of evidence of criminal conduct that was unrelated to the wrongdoing alleged against the Defendant. E.g., United States v. Sargent, 98 F.3d 325, 329-30

(7th Cir. 1996) (The trial court abused its discretion by allowing the admission of evidence that, several years before the alleged offense, the defendant assaulted a woman with a gun and threatened to kill her).[1]  Here, the Government proposes to present evidence that James drew the weapon while engaging in a drug transaction that furthered the charged criminal conspiracy.  Such evidence is relevant and admissible.  The cases cited by the Defendant do not apply.

The Government further suggests that any possible prejudice may be avoided by giving a limiting instruction.  The Court will consider any proposal that either party may have for such an instruction.

THEREFORE, The Motion in Limine to Exclude Evidence of Alleged Attempted Murder of Police Officers at the Time of Arrest Fed. R. Evid. 403 (d/e 25) is DENIED.  Should the Government attempt to present evidence that James pointed a weapon at an officer at some other time, or in some other context, James may renew his Motion.

---

[1] Defendant James cites United States v. Pace for the proposition that uncharged evidence of murder should be excluded where there was no evidence that the murder was connected to the continuing criminal enterprise charge in that case.  Pace, 10 F.3d 1106 (5th Cir. 1993), cert. denied, 511 U.S. 1149 (1994).  The Court has reviewed the Pace opinion and finds no reference either to evidence of murder or to a charge of continuing criminal enterprise.  The Pace opinion contains nothing relevant to the Motion in Limine.

IT IS THEREFORE SO ORDERED.

ENTER: January 4, 2006.

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE