IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30033 |
| | ) | |
| CORDELL JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on December 11, 2006, for the sentencing of Defendant Cordell James.  Defendant James appeared in person and by his attorney Assistant Federal Public Defender Douglas Beevers.  The Government appeared by Assistant U.S. Attorney David Risley.  On January 6, 2006, Defendant James pleaded guilty to the charge of Conspiracy to Distribute Cocaine and Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, as alleged in Count 1 of the Indictment (d/e 16).  The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated August 25, 2006.  The Government had no objections to the PSR.

1

Defendant James objected to the finding in paragraph 18 of the PSR that he intentionally pointed a weapon at law enforcement officers, knowing they were officers. He admitted that he pointed the weapon at them, but he did not know they were law enforcement officers, and he admitted that his actions were reckless. The Court, by agreement of the parties, revised Paragraph 18 to indicate that the Defendant recklessly created a substantial risk of death or serious bodily injury to other persons by pointing a gun at them. The objection was then withdrawn.

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the findings of the PSR as its own, subject to the modifications of the findings in paragraph 18 noted above. Accordingly, the Court found that Defendant Johnson had a final offense level of 39, and was in Criminal History Category II; however, the statutory sentencing range for Defendant James was mandatory life. 21 U.S.C. § 841(b)(1)(A). The resulting Guideline Sentencing Range was therefore life, in Zone D of the Guideline Range. U.S.S.G. § 5G1.1(b). The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant James' sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant

information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

The Government then moved for a downward departure pursuant to 18 U.S.C. § 3553(e) for substantial assistance.  The Court allowed the motion for departure below the Guidelines and statutory minimum and used 25 years as the point from which to begin calculating the departure in order to avoid unwarranted sentencing disparity with the sentences received by the co-defendants.  18 U.S.C. § 3553(a)(6).  The Court determined that a sentence of 210 months would be an appropriate sentence in this case.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant James, the Court sentenced Defendant Cordell James to a term of 210 months imprisonment, to be followed by 10 years of supervised release, and imposed a $100.00 special assessment.  The Court determined that no fine should be imposed.  The appeal rights were waived.

IT IS THEREFORE SO ORDERED.

ENTER: December 12, 2006.

    FOR THE COURT:

                                             s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                           UNITED STATES DISTRICT JUDGE