IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-30033 |
| | ) | |
| CORDELL JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Cordell James' Motion to Reduce Sentence (d/e 60). The Government opposes the Motion. For the reasons set forth below, the Court denies the Motion.

On January 6, 2006, Defendant James pleaded guilty to the charge of Conspiracy to Distribute Cocaine and Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, as alleged in Count 1 of the Indictment (d/e 16). Minute Entry of January 6, 2006. The applicable statutory sentence for James was mandatory life. 21 U.S.C. § 841(b)(1)(A); see Opinion entered December 13, 2006 (d/e 53) (Opinion), at 2. Accordingly, James' Sentencing Guideline range was life. U.S.S.G. §

1

5G1.1(b). The Government made a motion for a downward departure below the Guideline range and the statutory minimum sentence based on James' substantial assistance. Opinion, at 3; see U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The Court allowed the motion and sentenced James to 210 months. Id.

In the fall of 2007, the United States Sentencing Commission (Commission) amended the Federal Sentencing Guidelines. The Commission is authorized to amend Federal Sentencing Guidelines periodically, and to determine whether such amendments should apply retroactively. 28 U.S.C. §§ 994(o) & 994(u). Pursuant to this authority, the Commission amended the Sentencing Guidelines to reduce the Guideline sentencing ranges for convictions for drug trafficking crimes involving crack cocaine. U.S.S.G. Supplement to Appendix C, Amendment 706, effective November 1, 2007 (Amendment). The Amendment changed U.S.S.G. § 2D1.1(c), which sets forth the applicable base offense level for defendants convicted of drug trafficking offenses. The base offense level is determined by the quantities of controlled substances for which the defendant is held accountable. The general effect is to lower the base offense level by two levels. Id. The Commission then decided that, effective

March 3, 2008, the Amendment should apply retroactively.  U.S.S.G. § 1B1.10.

James now asks for the Amendment to be applied retroactively to him to reduce his sentence.  The Government opposes the Motion because the Amendment did not reduce James' applicable Guideline sentencing range.  The Court agrees.  A convicted defendant may bring such a motion to reduce his sentence if: (1) the defendant had been sentenced to a term of imprisonment based on a Guideline sentencing range that has subsequently been lowered by an amendment to the Guidelines, and (2) the reduction is consistent with the applicable policy statement issued by the Commission.  18 U.S.C. § 3582(c).  James' statutory sentence was mandatory life.  21 U.S.C. § 841(b)(1)(A).  Pursuant to U.S.S.G. § 5G1.1(b), his Guideline sentencing range was life, regardless of his base offense level as calculated under § 2D1.1(c).  The Amendment did not change U.S.S.G. § 5G1.1(b), or 21 U.S.C. § 841(b)(1)(A).  Thus, even if James were sentenced today, his statutory sentence would be life and his Guideline sentencing range would be life.  Since the Amendment would have no effect on James' Guideline sentencing range, even if he were sentenced today, he is not entitled to a reduction in his sentence.  18 U.S.C. § 3582(c); see U.S.S.G. § 1B1.10,

3

comment note 1. The Motion is denied.

James argues that the statutory sentence of life imprisonment did not apply to the calculation of his Guideline sentencing range because the Government waived the life sentence by filing the downward departure. The Court disagrees. Congress authorized the Government to move for a sentence below the statutory minimum for substantial assistance. 18 U.S.C. § 3553(e). The Government did so in this case. The Court allowed the motion and sentenced James below the applicable statutory sentencing range of life. The Government's § 3553(e) motion, however, did not change the method by which the applicable Guideline sentencing range was calculated. Thus, if James had been sentenced after November 1, 2007, the applicable Guideline sentencing range would still have been life. The Government's § 3553(e) motion would have allowed the Court to sentence him to less than a life sentence, but the Motion would not have changed the applicable Guideline sentencing range. Since the Amendment did not lower the Guideline sentencing range applicable to James, he cannot seek a reduction in his sentence. 18 U.S.C. § 3582(c).

James also argues that the Commission overstepped its authority in attempting to tell the Court the limits of its authority to reduce sentences

4

and that fundamental fairness requires the Court to reduce James' sentence without regard to the opinion of the Commission. The problem with James' argument is that Congress, not the Commission, determined that James is not entitled to a reduced sentence. Congress authorized a motion to reduce a sentence only when the defendant was sentenced to a term of imprisonment based on a Guideline sentencing range that has subsequently been lowered by an amendment to the Guidelines. 18 U.S.C. § 3582(c). As explained above, the Amendment did not lower James' applicable Guideline sentencing range. Congress fixed James' sentence at life. 21 U.S.C. § 841(b)(1)(A). The Commission dutifully provided that the Guideline range would comply with the Congressional mandate of a life sentence. U.S.S.G. § 5G1.1(b). The Amendment did not affect § 5G1.1(b). Thus, Congress did not authorize James to seek a reduction in his sentence. The Commission's policy statements or opinions do not affect this outcome.

      THEREFORE, Defendant Cordell James' Motion to Reduce Sentence (d/e 60) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: April 11, 2008

FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                                   JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE